## HASLIN v. NATIONAL FOUNDRY CO.

(Supreme Court, Appellate Division, Second Department.    June 9, 1905.)

MASTER—INJURY TO SERVANT—NEGLIGENCE—QUESTION FOR JURY.

 In an action by an employé for injuries, evidence examined, and *held* that whether defendant was negligent in furnishing a defective appliance was a question for the jury.

Appeal from Trial Term, Kings County.

Action by Michael Haslin against the National Foundry Company. From a judgment in favor of defendant, plaintiff appeals Reversed.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MILLER, JJ.

James C. Cropsey (F. W. Catlin, on the brief), for appellant.
Charles C. Nadal (W. D. Stiger, on the brief), for respondent.

PER CURIAM. The plaintiff was employed as a laborer in the defendant's iron foundry. When the castings of each day were completed, there was usually a quantity of molten iron remaining in the furnace, and at the time of the accident which gave rise to this action it was the duty of several laborers in the service of the defendant, including the plaintiff, to take this molten iron in large ladles and pour it into certain boxes, described as "ingot molds," where it was allowed to cool so as to be suitable for introduction into the furnace in the course of the next day's work. While emptying a ladleful of this molten iron into one of these ingot molds near the furnace, under the direction of a foreman, an explosion occurred, accompanied by a loud report like that of a cannon, and a quantity of the hot liquid metal was dashed onto the plaintiff's head and shoulders, inflicting the injuries for which he seeks to recover compensation in this suit. The complaint was dismissed at the conclusion of the evidence in his behalf, and the principal question which arises upon this appeal is whether there was enough proof to take the case to the jury on the question of the negligence of the defendant.

The complaint charges the defendant with negligence in having furnished to the plaintiff a mold into which he had to pour a certain quantity of melted iron, which mold was improperly constructed for the purposes for which it was used, and was inadequate and unfit for the uses to which it was put, and was unsafe and defective and out of repair. There was nothing in the evidence sufficient to sustain a finding that the ingot mold was defective, nor was there any direct proof that it was unsafe. There was testimony, however, of an expert character, to the effect that such an explosion as occurred in this case, characterized by so loud a report, could only be caused either by cold or dampness in the mold; that the danger of explosions from both these causes was generally known to persons engaged in the iron foundry business prior to the time of this accident; and that at that period two precautions were generally adopted to prevent explosive outbursts of the nature

which caused the plaintiff's injuries, to wit, either drying the mold by putting sand or clay upon it before the molten iron is introduced, or taking the chill off by heating the boxes. From the proof adduced in behalf of the plaintiff in this case, it seems to us that it was permissible for a jury to infer that the explosion must have been brought about by the coldness of the ingot mold, or by dampness therein; and, if so, negligence might well be predicated of the action of the defendant in furnishing to the plaintiff a mold in this condition, when it further appeared that the plaintiff was ignorant of the existence of any danger in using the mold precisely as it was provided for his use.

We find nothing in the record to justify a dismissal of the complaint on the ground of the plaintiff's contributory negligence, and as it seems quite plain that he was entitled to have the case submitted to the jury on the question of the negligence of the defendant, in the view which we take of the facts proved and the fair inferences to be drawn therefrom, it follows that the judgment must be reversed.

Judgment reversed, and new trial granted; costs to abide the event.